IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

RODNEY W. RAYBURN
ADC #165952                                                                PETITIONER

v.                       No. 5:19-cv-326-DPM

DEXTER PAYNE, Director,
Arkansas Division of Correction                                    RESPONDENT

## ORDER

The Court adopts the unopposed recommendation, *Doc. 13*, with one modification. FED. R. CIV. P. 72(b) (1983 addition to advisory committee notes).

The Court disclaims any reliance on *Knewel v. Egan*, 268 U.S. 442 (1925). That case turned on the distinction between claims that could be raised on *habeas corpus* and those that had to be raised by writ of error on direct appeal to the Supreme Court in the original case. But the writ of error was later abolished. *Bradford Electric Light Co. v. Clapper*, 284 U.S. 221, 224 n.1 (1931).

A federal *habeas* court can now review the sufficiency of an indictment or information, but only to determine whether it "provided sufficient notice to comply with due process." *Johnson v. Trickey*, 882 F.2d 316, 320 (8th Cir. 1989). Those "requirements may be satisfied if a defendant receives *actual notice* of the charges against him, even if the

indictment or information is deficient." *Hulstine v. Morris*, 819 F.2d 861, 864 (8th Cir. 1987) (emphasis original). The record of the pretrial hearings makes clear that Rayburn received actual notice of the charges he would have to defend against. He therefore can't show prejudice from his lawyer's failure to challenge the amended information. This claim fails.

Rayburn's petition will be dismissed with prejudice. No certificate of appealability will issue. 28 U.S.C. § 2253(c)(1)–(2).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

16 June 2020